## McNULTY v. KUSER.

(Supreme Court, Appellate Term, First Department.   February 13, 1914.)

TRIAL (§ 329*)—VERDICT—RESPONSIVENESS.

In an action for the.conversion of an automobile body, where defendant counterclaimed an agreement for its storage, and where, if defendant had no lien for storage, plaintiff was entitled to recover as for a conversion, and where, if defendant had such a lien, he was entitled to recover the excess of the storage charge over the amount realized from sale of the automobile, a verdict "for defendant, the defendant has no counterclaim," was either a compromise or was based on inconsistent findings, and was therefore the result of sympathy, prejudice, or mistake, so as to necessitate a reversal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 774-776, 782; Dec. Dig. § 329.*]

Appeal from City Court of New York, Trial Term.

Action by Patrick H. McNulty against Fred Kuser. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Eidlitz & Hulse, of New York City, for appellant.

Jacob Newman, of New York City (Nathan Ballin, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sued the defendant for the alleged conversion of a limousine automobile body. The defendant in his answer set up as a defense and counterclaim that the plaintiff stored the automobile body with the Walter Automobile Company under an agreement to pay the sum of $8 per month for storage; that the defendant thereafter took over the business of the Walter Automobile Company and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

continued to store the automobile body, until the sum of $226 was due and owing, pursuant to said agreement; and that he thereafter sold the automobile for the sum of $100 to satisfy the said lien, and received from said sale, after deducting the sale charges, the sum of $87.50. He therefore asks an affirmative judgment of $138.20.

It is not disputed that the defendant has received an automobile body owned by the plaintiff, and that he has refused to deliver this body to the plaintiff upon demand. It is also not disputed that, if the defendant had a lien upon the automobile body for storage, he has taken all necessary steps to foreclose the lien. The sole issue in the case is therefore whether the defendant had a lien for storage charges when he sold the body.

If the defendant did not have such a lien, then the plaintiff is entitled to recover for the alleged conversion; if defendant did have such a lien, the defendant is entitled to recover upon his counterclaim for the excess of his storage charges over the amount realized on the sale of the automobile.

This issue was submitted to the jury, and the jury found: "Verdict for the defendant: the defendant has no counterclaim." This verdict seems to me entirely inconsistent with the evidence presented by either party. The defendant has been guilty of conversion, unless he had a lien on the automobile body. He had no lien unless the plaintiff agreed to pay storage upon the body. If the plaintiff agreed to pay storage, then the defendant is entitled to the amount of the charges. The verdict is either a palpable compromise, or is based upon inconsistent findings that the defendant was not guilty of conversion, and yet is not entitled to recover the charges for storage, and it is therefore the result of either sympathy, prejudice, or mistake, and must be reversed.

Since a new trial must in any event be granted, it becomes unnecessary to consider the alleged error in the admission of certain pleadings in evidence, particularly as the trial justice himself seems to have regarded them as immaterial.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.